UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OCTOBER FETZ,<br><br>    Plaintiff,<br><br>    v.<br><br>REGGIE NEVELS,<br><br>    Defendant. | CAUSE NO. 1:19-CV-417-WCL-SLC |

OPINION AND ORDER

October Fetz, a prisoner without a lawyer, filed a complaint (ECF 1) naming Sheriff Reggie Nevels as a defendant and asserting a variety of alleged violations. She alleges that inmates at the Grant County Jail are not separated according to their security levels or their health problems. She alleges that inmates are sometimes locked in their cells without immediate access to restroom facilities or water. She alleges that sanitation is lacking. She alleges that mail is delivered by use of an electronic kiosk. She alleges that power is taken away from groups of inmates due to a single inmate's misdeeds. She alleges that she has medical problems and is not receiving proper medical care. And, finally, she alleges that inmates are not provided with adequate sanitary supplies and are charged when they need additional supplies.

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court

must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

While Fetz has named Sheriff Nevels as a defendant, the body of the complaint makes no mention of Sheriff Nevels. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, the current complaint does not state a claim Sheriff Nevels. Nevertheless, the court will give Fetz the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Fetz is admonished that, should she choose to file another complaint, she should carefully follow the instructions on the court's complaint form. Fetz needs to write a short and plain statement telling what each defendant did wrong. She needs to explain when, where, why, and how each defendant violated her rights. She needs to include every fact necessary to explain his case and describe her injuries or damages. If she sued more than one defendant, she needs to use each defendant's name every time she refers to that defendant.

In addition to the above, if Fetz chooses to amend her complaint, the amended complaint should contain only related claims. "[u]nrelated claims against different

2

defendants belong in different suits . . ..." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). If she wants to also sue other defendants based on other claims, she needs to get a different blank complaint form. She should not put a cause number on the second (or third, etc.) complaint form because it (or they) will be used to open a new case (or cases). Fetz must also file an in forma pauperis motion with any additional complaints she files.

For these reasons, the court:

(1) GRANTS October Fetz until **October 1, 2020**, to file an amended complaint in this case containing only related claims; and

(2) CAUTIONS October Fetz that, if she does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on September 2, 2020.

                                                                                    s/William C. Lee  
                                                                                    JUDGE WILLIAM C. LEE  
                                                                                   UNITED STATES DISTRICT COURT